IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF COMPUTER ASSISTED SURGERY, INC., a California corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>MED-SURGICAL SERVICES, INC., a California corporation; KRISHNA SUDHAKARAN, an individual; MARK KIENE, an individual,<br><br>      Defendants. | No. C 10-05067 CW<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS (Docket No. 15 & 18) |

Plaintiff California Institute of Computer Assisted Surgery, Inc. (CICAS) has filed suit against Defendants Med-Surgical Services, Inc., Krishna Sudhakaran and Mark Kiene, alleging infringement of four patents.  On December 10, 2010, Defendants filed a motion to dismiss the claims against Kiene.  Docket No. 15.  On December 16, 2010, Defendants moved to dismiss the claims against Med-Surgical Services, Inc. and Sudhakaran.  Docket No. 18.  Plaintiff CICAS opposes both motions.  On January 20, 2011, the Court held a hearing on the motion.  Having considered all of the parties' submission and oral argument, the Court DENIES Defendants' motions to dismiss.

BACKGROUND

CICAS alleges that the patents in dispute in this action are embodied in CBYON Systems, a medical device that enhances the

ability of a surgeon to access a target site within a patient. The four patents are No. 6,167,296, entitled, "Method for Volumetric Image Navigation," ('296 Patent), issued on December 26, 2000; No. 6,591,130, entitled, "Method of Image Enhanced Endocscopy at a Patient Site," ('130 Patent), issued on July 8, 2003; No. 6,529,758, entitled, "Method and Apparatus For Volumetric Image Navigation," ('758 Patent), issued on March 4, 2003; and No. 6,850,794, entitled, "Endoscopic Targeting Method and System," ('794 Patent), issued on February 1, 2005.  The patents identify Ramin Shahidi as the inventor, and the Board of Trustees of Stanford University as the assignee.  Plaintiff CICAS alleges that the four patents were assigned to it.

CICAS contends that Defendant Med-Surgical is currently "doing business as CBYON," and has sold CBYON systems, equipment, tools, components, consumables, software and inventory, in addition to repair and maintenance services.  CICAS alleges that Med-Surgical has never had a license to the patents.  According to CICAS, Med-Surgical utilizes CBYON Systems on a "fee-per-case" basis, deploying the system for a fee to hospitals on a per surgery or method basis with or without assistance from a qualified technician supporting the surgical procedure.

Defendant Sudhakaran is the founder of Med-Surgical, and now its Chief Executive Officer.  Defendant Kiene has been or is currently Med-Surgical's Chief Operating Officer and a sales agent

2

on behalf of Med-Surgical. Med-Surgical's founders and principals are former agents of a company known as CBYON, Inc.

CICAS alleges that Defendants have engaged in direct patent infringement, the inducement of patent infringement and contributory patent infringement of all four patents.

The complaint at issue in these two motions is the third CICAS has filed against Med-Surgical alleging infringement of the four patents. On May 12, 2010, CICAS first filed suit against Med-Surgical asserting the identical causes of action. That suit was given case number C 10-2042 CW. On August 3, 2010, the Court granted Med-Surgical's motion to dismiss and granted leave to amend, ruling that the complaint lacked allegations of specific facts to support an inference of patent infringement.

On August 24, 2010, CICAS filed an amended complaint, adding more factual allegations and naming Kiene and Sudhakaran as defendants. On September 14, 2010, Med-Surgical answered CICAS' complaint and filed counterclaims against CICAS and Ramin Shahidi, the Chief Executive Officer of CICAS, seeking a declaratory judgment of non-infringement and alleging tortious interference with contractual and prospective business relations. Med-Surgical's counterclaim included in its exhibits a May 21, 2004 letter agreement between CBYON, Inc. and Med-Surgical, providing for Med-Surgical's purchase of CBYON's Fee Per Case Services business, as well as its business providing service and support to existing CBYON image guidance system customers. Because CBYON was

in bankruptcy at the time of the agreement, the Bankruptcy Court reviewed the agreement and approved it on June 4, 2004.

On September 20, 2010, Kiene and Sudhakaran moved to dismiss the claims against them.  On September 23, 2010, Med-Surgical moved for summary judgment, asserting among other things that CICAS was a suspended corporation and, thus, was precluded from exercising the powers, rights and privileges of a corporation in good standing, including the right to sue.  On September 29, 2010, CICAS filed a motion to dismiss its entire action voluntarily, without prejudice.  Med-Surgical filed a statement of non-opposition to the motion.  On October 15, 2010, the Court granted the motion, dismissing the action without ruling on the merits of the pending motion to dismiss and the motion for summary judgment.

On November 9, 2010, CICA renewed its charges of patent infringement against Defendants by filing the present case.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable

4

to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ____, 129 S.Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

                              DISCUSSION

Title 35 U.S.C. § 271 defines patent infringement as the making, using, offering to sell, or selling without authority of any patented invention within the United States or the importation to the United States of any patented invention.  Actively inducing infringement of a patent is actionable under 35 U.S.C. § 271 (b).  Importing, offering to sell or selling a component of a patented device or a material or apparatus used in a patented process that constitutes a material part of the invention is actionable as contributory infringement.  35 U.S.C. § 271(c).

I.  CICAS' Standing to Bring Patent Infringement Claims

"The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have the legal title to the patent during the time of the infringement."  Arachnid, Inc. v. Merit Industries, Inc., 939 F.2d 1574, 1579 (Fed. Cir. 1991) (emphasis in original).  An exception to this general rule is made "where the assignment of a patent is coupled with an assignment of a right of action for past infringements."  Id.  "The authorities are uniform that the latter

5

assignment must be express, and can not be inferred from an assignment of the patent itself." Id. at 1579 n.7 (citing Moore v. Marsh, 74 U.S. 515, 522 (1868)).

Although there are no allegations as to when the infringement began, or when or how CICAS received the assignment, CICAS alleges that it currently owns the patents and the infringement is ongoing. Furthermore, CICAS seeks injunctive relief for the alleged continuing infringement. The pleadings, therefore, are sufficient to support CICAS' standing to assert its claims.

II. Sufficiency of CICAS' Patent Infringement Claims

A. Direct Infringement by Sudharakan and Kiene

Defendants do not attack the sufficiency of the pleading of direct infringement against Med-Surgical, but instead contend that CICAS failed to state such a claim against Sudharakan as an individual because the complaint insufficiently alleges facts in support of an alter ego theory. "Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." Electro Sources, LLC v. Nyko Technologies, Inc., 2002 WL 34536682, at * 8 (C.D. Cal.). Where the corporate privilege has been abused, the "corporate veil" may be pierced, holding the equitable owner of a corporation liable for the corporation's actions. Id. Under the alter ego doctrine, such a claim requires allegations of "a unity of interest and ownership between the corporation and its equitable owner that the

6

separate personalities of the corporation and the shareholder do not in reality exist," and "an inequitable result if the acts in question are treated as those of the corporation alone." Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 526 (2000); see also, Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001). "The purpose of the doctrine is not to protect every unsatisfied creditor, but rather to afford him protection, where some conduct amounting to bad faith makes it inequitable . . . for the equitable owner of a corporation to hide behind its corporate veil." Associated Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 842 (1962).

    CICAS has sufficiently alleged an alter ego theory to assert individual liability on the part of Sudhakaran.  CICAS has alleged that Sudhakaran is Med-Surgical's Chief Executive Officer, director, and the corporation's controlling shareholder.  CICAS has further alleged that "Sudhakaran formed Med-Surgical solely for the purpose of carrying on infringing activity without a license and undercapitalized." Compl. at ¶ 46.  Defendants cite Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 552 (Fed. Cir. 1990) and A. Stucki Co. v. Worthington Indus., Inc., 849 F.2d 593, 596 (Fed. Cir. 1988), in support of their challenge to the sufficiency of these allegations.  Both of these cases found insufficient evidence to support a judgment against individual defendants.  Here, on a motion to dismiss, CICAS' pleading is sufficient to allege individual liability against

7

Sudhakaran under an alter ego theory for purposes of its claims for direct infringement, as well as its claims for contributory infringement and inducement of infringement.

CICAS concedes that it did not allege facts to support Kiene's individual liability under the alter ego doctrine. However, CICAS asserts that it stated a claim that Kiene is individually liable for direct infringement because the complaint alleges that Kiene directly infringed the patents after his employment with Med-Surgical. CICAS alleges that Kiene was a sales agent, and alleges on information and belief that "Kiene personally provided case support of CBYON Systems including set-up and operation of CBYON equipment for surgical cases." Compl. at ¶¶ 10 & 40. CICAS has alleged infringing conduct by Kiene, which may provide for a viable claim, if CICAS can prove that Kiene worked as an independent contractor. Thus, CICAS has stated a claim for direct infringement against Kiene individually.

B. Inducement of Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). A claim for inducing infringement requires that there has been a direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. ACCO Brands, Inc. v. ABA Locks Mfrs. Co. Ltd., 501 F.3d 1307, 1312 (Fed. Cir. 2007). Defendants argue that CICAS failed to allege facts in support of the necessary elements.

8

First, CICAS argues that it sufficiently plead direct infringement by alleging that Defendants deployed the CBYON System at various hospitals on a fee-per-case basis. Defendants contend that this allegation is deficient because it does not name the hospitals where the CBYON System was used, nor does it otherwise identify the customers allegedly induced by Defendants to infringe. A list of customers is not necessary; Defendants know who their customers are. Further, Med-Surgical's answer to CICAS' complaint in a prior action included an attachment with a list of hospitals that were CBYON fee-per-case customers. Although generally, "[i]n determining the propriety of a Rule(b)(6) dismissal, the court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998), the Court may consider a document that Med-Surgical has already filed with the Court.

CICAS has also sufficiently alleged knowledge of the patents and intent to infringe because both can be inferred from the advertising on Med-Surgical's website. CICAS submitted a screen shot of the website as an exhibit to its complaint. Med-Surgical's website describes Perspective Volumetric Navigation and Image Enhanced Endoscopy as patented. The titles of these technologies correspond to the titles of the four patents that are the basis for this complaint. CICAS provided actual notice to

9

Defendants, asserting its rights to the patented technology, but Defendants allegedly continue their infringement. Compl. at ¶ 44.

Furthermore, one can infer from the information on the website, publicizing the technologies, offering brochures describing the products and users' manuals, as well as listing company customers, that Defendants were advertising and intended to use or sell the technologies. See In re Bill of Lading Transmission and Processing System Patent Litig., 695 F. Supp. 2d 680, 684-85 (S.D. Ohio 2010) ("'To prove such specific intent, a plaintiff must come forward with evidence of active steps . . . taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, [or] show an affirmative intent that the product be used to infringe.'") (quoting DSU Medical Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

CICAS' allegations satisfy the requirement to plead knowledge and intent.

Defendants further argue that CICAS has failed to state a claim for inducement by alleging that Defendants sell repairs, maintenance, and calibration of CBYON systems. "[M]ere replacement of individual unpatented parts, one at a time, whether of the same part repeatedly or different parts successively, is no more than the lawful right of the owner to repair his property." Aro Manufacturing Co. v. Convertible Top Replacement Co., 365 U.S. 336, 346 (1961). However, a subsequent decision by the Supreme

10

Court in the Aro litigation clarified that when a structure is unlicensed even the repairs may constitute infringement. 377 U.S. 476, 480-82 (1964). CICAS alleges that Defendants did not have a license for the CBYON system. Thus, the complaint pleads a plausible claim for inducement of infringement based on the provision of repairs and maintenance services.

Because the Court has found that CICAS has sufficiently plead Sudhakaran's individual liability under an alter ego theory, he could be liable for inducing infringement under the same theory.

C. Contributory Infringement

Contributory infringement is the sale or offer to sell within the United States of a component or apparatus for use in a patented process that has no use except through practice of the patented method. See Alloc, Inc. v. International Trade Com'n., 342 F.3d 1361, 1374 (Fed Cir. 2003). 35 U.S.C. § 271(c) states,

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

CICAS has alleged contributory infringement by Defendants through their sale of CYBON Sytems, and related parts and components, as well as their sale of replacement parts. Defendants contend that CICAS has failed to state a claim for contributory infringement due to insufficient allegations as to

11

(1) Defendants' knowledge of the patents-in-suit at the time of the infringement; (2) the identities of the direct infringers; and (3) the lack of a substantial non-infringing use for the components.  For the reasons explained above, CICAS has plead sufficient facts regarding Defendants' purported knowledge of the patents, and the identities of the direct infringers.  The remaining issue is whether CICAS adequately alleged the absence of a substantial, non-infringing use for the components allegedly sold.  The Court finds that CICAS has satisfied this requirement because it asserted that the items were "material" and "specifically adapted" for use in CBYON Systems.[1]

## CONCLUSION

The Court finds that CICAS has sufficiently stated claims for individual liability against Sudhakaran and Kiene for direct infringement.  The Court further finds that CICAS has stated claims against Defendants for inducement of infringement and contributory infringement, although the sale of repair services does not support the claim for contributory infringement.

---

[1] CICAS also argues that the sale of repair services in violation of a patent constitutes contributory infringement and inducement of infringement.  However, PharmaStem Therapeutics, Inc. v. ViaCell, Inc. provides that the sale of a service that assists another in committing patent infringement may be the basis for liability for inducement of infringement, but not for contributory infringement.  491 F.3d 1342, 1357 (Fed. Cir. 2007).  Thus, while a defendant can be liable for contributory infringement if its customers directly infringe, Aro Manufacturing, 365 U.S. at 341, such infringement must be based on a component of a patented product, or a material or apparatus for use in a patented process, not the provision of a service.

Accordingly, Defendants' motions to dismiss are DENIED. Docket Nos. 15 & 18.

    IT IS SO ORDERED.

Dated: 2/16/2011

                    CLAUDIA WILKEN
                    United States District Judge