IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA INSTITUTE OF COMPUTER ASSISTED SURGERY, INC.<br><br>Plaintiff,<br><br>v.<br><br>MED-SURGICAL SERVICES, INC., KRISHNA SUDHAKARAN, MARK KIENE, RORY RANDALL, and SHIRLEY CLAYTON<br><br>Defendants. | Case Number 4:10-CV-05067 CW (NC)<br><br>**ORDER GRANTING ATTORNEYS' FEES UNDER FED. R. CIV. P. 37**<br><br>Re: Docket No. 88 |

Plaintiff California Institute of Computer Assisted Surgery, Inc. ("CICAS") filed this action against Defendants Med-Surgical Services Inc. ("Med-Surgical"), Krishna Sudhakaran, Mark Kiene, Rory Randall, and Shirley Clayton for patent infringement in violation of the U.S. Patent Act, 28 U.S.C. § 271. On September 1, 2011, the Court granted Defendants' motion to compel CICAS to serve infringement contentions that comply with Patent Local Rule 3-1, and it ordered each party to submit a statement explaining its position regarding a potential award of attorneys' fees to Defendants under Federal Rule of Civil Procedure 37. Dkt. No. 81. Based on the statements submitted by the parties on September 8, 2011, the Court finds that an award of attorneys' fees to Defendants is appropriate. Dkt. No. 88.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 provides that if a motion to compel disclosure or discovery is granted, the court must require the party whose conduct necessitated the motion to pay for the movant's reasonable expenses incurred in making the motion, including attorneys' fees. FED. R. CIV. P. 37(a)(5)(A). Rule 37 further states that the court "must not order this payment" if the opposing party's nondisclosure was "substantially justified" or circumstances exist that "make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii)-(iii).

Civil Local Rule 37-4 requires a party seeking attorneys' fees under Rule 37 to file a declaration (1) stating the facts supporting its request, (2) describing its efforts to secure compliance without court intervention, and (3) providing detailed billing records and appropriate justification for the hourly rates claimed. Civil L.R. 37-4(b).

## II. DISCUSSION

Defendants claim that, under Rule 37, they are entitled to the attorneys' fees they incurred in making their motion to compel, which allegedly total $25,805. Dkt. No. 88 at 1. They argue that Rule 37 covers motions to compel infringement contentions under Patent Local Rule 3-1 and that an award of attorneys' fees is justified because they have spent "substantial resources" in trying to obtain compliant infringement contentions from CICAS since March 2011. *Id.* at 1-2. Defendants state that they would accept $13,000.32 in lieu of the $26,805 they allegedly incurred. *Id.* at 2. Defendants do not provide detailed billing records but offer to do so if required by the Court. *Id.*

CICAS opposes Defendants' request for attorneys' fees. First, CICAS alleges that Rule 37 "only applies to discovery requests and disclosures under Rule 26" and not to requests made under the Patent Local Rules. *Id.* at 3. Second, CICAS argues that an award of attorneys' fees would be unjust because Defendants' allegedly stated that they would not seek attorneys' fees and CICAS relied on that statement. *Id.* at 4. Third, CICAS contends that its failure to serve compliant infringement contentions was justified because Defendants have withheld several documents from it that could have facilitated its drafting of compliant infringement contentions. *Id.* Fourth, CICAS argues that if the Court grants Defendants' request, the fees awarded should exclude fees that Defendants incurred in researching and arguing issues that CICAS claims are

2

unrelated to the question of whether its infringement contentions were compliant, including direct infringement, indirect infringement, and invalidity. *Id.* at 4-5. Finally, CICAS argues that the fees requested by Defendants are excessive, and that a more appropriate amount would be $3,330. *Id.* at 5.

CICAS' arguments are unpersuasive. A party's failure to comply with "any duly promulgated local rule" may be a ground for the imposition of any authorized sanction. Civil L.R. 1-4; *see also* Civil L.R. 1-2. Moreover, Patent Local Rule 3-1 is a discovery mechanism that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL 23120174, *1 (N.D. Cal., Dec. 1, 2003). Consequently, any motions filed under Patent Local Rule 3-1 are subject to Rule 37. As the Court granted Defendants' motion to compel under Rule 3-1 and an award of expenses would not be unjust in this case, CICAS must pay for the attorneys' fees Defendants reasonably incurred in making their motion to compel.

### III. ORDER

Defendants' request for attorneys' fees is GRANTED in an amount to be determined by the Court. Defendants must submit a declaration that complies with the requirements of Civil Local Rule 37-4 by October 5, 2011.

IT IS SO ORDERED.

DATED: September 27, 2011

NATHANAEL M. COUSINS
United States Magistrate Judge